**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000341
30-JUL-2015
08:13 AM**

CAAP-14-0000341

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
DANA BORGES RAPOZO, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR NO. 52109)

MEMORANDUM OPINION
(By: Nakamura, C.J., and Foley and Leonard, JJ.)

In 1978, Plaintiff-Appellee State of Hawai'i (State) indicted Defendant-Appellant Dana Borges Rapozo (Rapozo) for murder. The indictment charged that on or about October 9, 1978, Ropozo "did intentionally or knowingly cause the death of Gary Borges by shooting him," in violation of Hawaii Revised Statutes (HRS) 707-701 (1976). Rapozo was found guilty as charged of murder after a jury trial, and he was sentenced to life imprisonment with the possibility of parole. This court affirmed his conviction on direct appeal. State v. Rapozo, 2 Haw. App. 587, 637 P.2d 786 (1981).

In August 2010, Rapozo filed a Petition for Post-Conviction relief pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40 (2006). Rapozo asserted, among other things, that he was denied treatment as a youthful offender due to the ineffective assistance of his trial counsel. In April 2013, the Circuit Court of the First Circuit (Circuit Court) ruled that Rapozo's trial counsel provided ineffective assistance by failing

to discuss with Rapozo the option of sentencing pursuant to the Young Adult Defendant statute, HRS § 706-667 (1976). Accordingly, the Circuit Court vacated Rapozo's sentence and set the case for resentencing.  After holding extensive hearings regarding Rapozo's resentencing, the Circuit Court on December 6, 2013, resentenced Rapozo to life imprisonment with the possibility of parole.

On appeal, Rapozo contends that: (1) his sentence is illegal because under the applicable statutes, the only available sentences should have been twenty years of incarceration or sentencing as a "young adult defendant"; and (2) assuming *arguendo* that life imprisonment with the possibility of parole is a legal sentence, the Circuit Court abused its discretion in failing to sentence him as a young adult defendant or to twenty years of imprisonment.[1/]  As explained below, we conclude that Rapozo's arguments are without merit, and we affirm his sentence.

BACKGROUND

I.

Rapozo was born in 1959.  He had an extensive juvenile record that included multiple adjudications beginning at age 14. In 1977, the family court waived jurisdiction over Rapozo, and on August 30, 1978, he was sentenced as an adult to five years of probation for second-degree escape, unauthorized control of a propelled vehicle, second-degree robbery, and second-degree burglary.  His probation on these offenses was subsequently revoked, and he was sentenced to four years of imprisonment as a young adult defendant.

Based on an incident that occurred on October 5, 1978, Rapozo was charged with attempted murder and with being a felon in possession of a firearm.  He was later convicted of the reduced charge of second-degree assault and the charge of felon in possession of a firearm, and he was sentenced to an extended term of ten years of imprisonment for each conviction.

---

[1/] The Honorable Michael D. Wilson presided over the proceedings relevant to this appeal.

2

On October 9, 1978, four days after the incident that led to his attempted murder charge, Rapozo committed the murder of Gary Borges (Borges). Rapozo was a friend of Borges. However, the evidence presented at Rapozo's trial revealed that Rapozo and his brother, Allan Rapozo (Allan), decided to kill Borges because they believed Borges was planning to testify against their brother, Richard Rapozo, who had been implicated in the murder of Robert T.K. Lee. Rapozo, 2 Haw. App. at 588-89 & n.4, 637 P.2d at 787-89 & n.4.

In the evening of October 9, 1978, Rapozo and Allan went to Borges's home and shot Borges multiple time with a .38 caliber handgun and a shotgun. Id. Borges was still alive when the police arrived. Id. at 588, 637 P.2d at 788. As described in this court's 1981 opinion: "The officer testified that Borges said to him, 'Help me. I can't see, I'm dying,' then, 'I'm dying. Dana shot me.' The officer asked, 'Dana who?' Borges replied, 'Dana Rapozo.'" Id.

After a jury trial, Rapozo was found guilty as charged of murder. He was sentenced to life imprisonment with the possibility of parole,[2] and his conviction was affirmed on direct appeal. Id. at 587, 637 P.2d at 787.

II.

As noted, in 2013, based on Rapozo's HRPP Rule 40 petition, the Circuit Court vacated Rapozo's original sentence on the ground that his trial counsel had failed to discuss sentencing pursuant to the Young Adult Defendant statute. The Circuit Court set the case for resentencing.

An updated Presentence Diagnosis and Report was prepared, and the Circuit Court held hearings regarding Rapozo's resentencing on November 18, 2013, November 21, 2013, and December 6, 2013. Rapozo, among other things, asserted that under the statutes applicable to his murder offense, life with

---

[2] The Honorable Toshimi Sodetani imposed the original sentence on Rapozo.

3

the possibility of parole was not a sentencing option and that the Circuit Court could only sentence him to twenty years of imprisonment, or as a young adult defendant (with a maximum four-year term of imprisonment).  The State disagreed with Rapozo's analysis.  Rapozo argued that given the length of time (35 years) he had already been incarcerated and his good behavior during the last twelve years, he should be resentenced to twenty-years of imprisonment, even if life with the possibility of parole was an available sentencing option.  The State argued that in view of Rapozo's criminal history and the facts underlying his murder conviction, Rapozo should be resentenced to life in prison with the possibility of parole.

After considering the evidence and lengthy arguments presented by both parties, the Circuit Court resentenced Rapozo to life imprisonment with the possibility of parole.  The Circuit Court explained the reasons for its sentence as follows:

> I would like to thank both counsel in this case for the thorough work that's been done in preparation for this sentencing, and I note that there was an extensive and thoughtful sentencing memorandum that was provided by Mr. Bakke [(defense counsel)], along with a helpful report from Dr. Acklin dated November the 7th, and as well, I received an extensive letter from Ms. Futa [(Deputy Prosecuting Attorney)], thank you, and I thank counsel for the argument.
>
> I've reviewed the records and files in this case, which I take judicial notice of, and also the statements that were submitted by the family of Gary Borges, the written statements, as well as the statements made in court, and have considered the expressions of forgiveness that were expressed by a member of Mr. Borges' family, and I've considered the statements that were also made orally by Mr. Rapozo's stepmother and the statement of his sister.
>
> I also acknowledge the point that's been made by the defense that it is necessary to consider the time that has passed since the original sentencing.
>
> So I do consider the 35 years of incarceration that's been served by Mr. Rapozo, and also recognize, I think there's an adequate record that the last 12 years have been years of good conduct.  I think that significant episodes of bad conduct would have been reflected in the record.
>
> And it is true that this sentence must be considered with the possibility of a youth offender sentence, as well as a possibility of 20 years incarceration, and of course, the possibility of life with the possibility of parole.

4

But based on the nature of the offense and the prior history at the time of the sentencing, including Mr. Rapozo's prior convictions for Assault, Robbery and Felon in Possession of Firearms, and the fact that he was on probation at the time this murder was committed, Mr. Rapozo does not qualify for sentencing pursuant to HRS Section 706-667 as a youthful offender.  Such a sentence would not be adequate for Mr. Rapozo's rehabilitation and would jeopardize the protection of the public.

And it is for those reasons that I do consider the option of 20 years versus life imprisonment.  And without question, the passing of time has provided additional information about the serious impact that has taken place with respect to the Borges family, and weighed against that is what appears to be a record of commitment by you, Mr. Rapozo, to getting better and trying to follow the rules and procedures while you were incarcerated.

As Mr. Bakke points out, the law does require determination of whether parole is appropriate at a certain time, and that determination has been made at this point by the paroling authority.

So I take those matters into consideration.  But given the nature of the offense, and I know the impact on the family of Gary Borges as well, I cannot conclude that at this time the sentence of life with the possibly [sic] of parole is not an appropriate sentence, in part, because it does provide the protection of the public, as [Prosecuting Attorney] Mr. Kaneshiro's pointed out is a major issue, given the nature of the facts.

So life with the possibility of parole provides a lifetime of protection of the community under the supervision of the Paroling Authority.

So it's for that reason that the sentence will be imposed pursuant to HRS Section 707-701(B) of life imprisonment with the possibility of parole.

This decision is not intended to offer any contradiction, however, to the 35-year minimum sentence that has been set by the Hawaii Paroling Authority.

(Emphases added.)

The Circuit Court entered its Judgment on December 6, 2013, and this appeal followed.

DISCUSSION

I.

Rapozo contends that his sentence of life imprisonment with the possibility of parole is illegal because under the applicable statutes, the maximum sentence the Circuit Court could impose was twenty-years of incarceration.  We disagree.

5

A.

Rapozo was charged with murdering Borges, in violation of HRS § 707-701. At the time that Rapozo committed the murder of Borges, HRS § 707-701 (1976) and HRS § 706-606 (1976) provided as follows:

§707-701 **Murder.** (1) Except as provided in section 707-702, [3/] a person commits the offense of murder if he intentionally or knowingly causes the death of another person.

(2) <u>Murder is a class A felony for which the defendant shall be sentenced to imprisonment as provided in section 706-606</u>.

§706-606 **Sentence for offense of murder.** The court shall sentence a person who has been convicted of murder to an indeterminate term of imprisonment. In such cases the court shall impose the maximum length of imprisonment as follows:

(a)    Life imprisonment without possibility of parole in the murder of:

(i)    A peace officer while in the performance of his duties, or

(ii)   A person known by the defendant to be a witness in a murder prosecution, or

(iii)  A person by a hired killer, in which event both the person hired and the person responsible for hiring the killer shall be punished under this subsection, or

(iv)   A person while the defendant was imprisoned.

As part of such sentence the court shall order the director of the department of social services and housing and the Hawaii paroling authority to prepare an application for the governor to commute the sentence to life with parole at the end of twenty years of imprisonment.

(b)    <u>Life imprisonment with the possibility of parole or twenty years as the court determines, in all other cases</u>. The minimum length of imprisonment shall be determined by the Hawaii paroling authority in accordance with section 706-669.

(Emphases added.) Thus, under HRS § 706-606(b), the Circuit Court was authorized to sentence Rapozo to either life

_____

3/ HRS § 707-702 (1976) defined the offense of manslaughter.

6

imprisonment with the possibility of parole or twenty years of imprisonment.[4]

B.

In arguing that the maximum sentence the Circuit Court could impose on Rapozo was twenty years of imprisonment, Rapozo relies on HRS § 706-660 (1976), which at the time relevant to this case provided:

> §706-660 **Sentence of imprisonment for felony; ordinary terms.** A person who has been convicted of a felony may be sentenced to an indeterminate term of imprisonment except as provided for in section 706-660.1 relating to the use of firearms in certain felony offenses. <u>When ordering such a sentence, the court shall impose the maximum length of imprisonment which shall be as follows</u>:
>
> <u>(1) For a class A felony - 20 years</u>;
>
> (2) For a class B felony - 10 years; and
>
> (3) For a class C felony - 5 years.
>
> The minimum length of imprisonment shall be determined by the Hawaii paroling authority in accordance with section 706-669.

(Emphasis added.)

Rapozo argues that because HRS § 707-701 states that murder is a class A felony and because HRS § 706-660 provides that the maximum length of imprisonment for a class A felony is twenty years, the Circuit Court could not impose a sentence on Rapozo that exceeded twenty years of imprisonment. In effect, Rapozo argues that the general sentencing provision applicable to all felonies, including class A felonies, trumps the specific sentencing provision applicable only to the offense of murder.

C.

Contrary to Rapozo's argument, it is well established that "'where there is a 'plainly irreconcilable' conflict between a general and a specific statute concerning the same subject matter, the specific will be favored.'" <u>Richardson v. City and</u>

---

[4] The State asserts that HRS § 706-606(b) was the applicable sentencing provision because it did not seek life imprisonment without the possibility of parole under HRS § 706-606(a)(ii) for Rapozo.

County of Honolulu, 76 Hawai'i 46, 55, 868 P.2d 1193, 1202 (1994) (citation omitted). Here, HRS § 706-660 is a general statute which pertains to the maximum length of imprisonment for all felony offenses, including class A felonies. On the other hand, HRS § 706-606 is a specific statute that pertains only to the punishment applicable to one crime -- murder. Accordingly, with respect to Rapozo's sentencing, HRS § 706-606 controls over HRS § 706-660 with respect to the applicable punishment for Rapozo's crime of murder.

In addition, as the State notes, HRS §§ 707-701, 706-606, and 706-660 were enacted contemporaneously, in the same basic form as applicable to this case, as part of the Hawai'i Penal Code in 1972. See 1972 Haw. Sess. Laws Act 9, § 1 at 72, 79-80, 86. It would be anomalous for the Legislature to enact HRS § 706-606, which provides separate and more severe punishment for murder, if it intended that the penalty for murder would be limited to the maximum twenty-year term for class A felonies under HRS § 706-660. Indeed, HRS § 707-701(2), which states that murder is a class A felony, also specifies that a defendant convicted of murder shall be sentenced as provided in HRS § 706-606. Rapozo's interpretation of the statutory scheme would render HRS § 706-606 superfluous, contrary to the standard rules of statutory construction. See Keliipuleole v. Wilson, 85 Hawai'i 217, 221, 941 P.2d 300, 304 (1997) ("Courts are bound to give effect to all parts of a statute, and that no clause, sentence, or word shall be construed as superfluous, void, or insignificant if a construction can be legitimately found which will give force to and preserve all words of the statute." (internal quotation marks, brackets, and citation omitted)).

Moreover, murders, especially aggravated murders, are typically punished more severely than other felonies. However, because HRS § 707-701(2) provides that all murders are class A felonies, Rapozo's interpretation, if accepted, would mean that even aggravated murders under HRS 706-606(a), such as the murder of a peace officer or a murder committed by a hired killer, would

be subject to a maximum twenty-year term of incarceration under the statutory scheme applicable to Rapozo's case.

Finally, our conclusion that HRS § 706-606 governs the punishment for murder, and not HRS § 706-660, is supported by decisions of the Hawai'i Supreme Court that have referred to the applicable punishment for murder, under the same statutory scheme applicable to this case, as including life with the possibility of parole.  See State v. Ortez, 60 Haw. 107, 111, 588 P.2d 898, 902 (1978) ("The [Hawaii Penal Code], by HRS § 706-606, fixes the penalty for murder as an indeterminate term, the minimum length of which is to be determined by the board of paroles and pardons and the maximum length of which is, in certain cases with which we are not concerned here, life imprisonment without possibility of parole, and in all other cases life imprisonment with possibility of parole or 20 years, as the court determines." (Emphasis added.)); State v. Heard, 64 Haw. 193, 196, 638 P.2d 307, 309 (1981) ("As we read [HRS] § 706-606[(b)], it requires the sentencing judge to impose the maximum penalty of life imprisonment with possibility of parole, except that the sentencing judge is given the discretion to reduce it to twenty years if there are mitigating factors or circumstances which would warrant a lesser sentence.").[5]

For these reasons, we reject Rapozo's contention that the Circuit Court's resentencing of Rapozo to life imprisonment with the possibility of parole was an illegal sentence.

## II.

Rapozo argues that even if life imprisonment with the possibility of parole is a legal sentence, the Circuit Court abused its discretion in failing to sentence him as a "young

---

[5] Rapozo also contends that under HRS § 706-606(b), the Circuit Court could only impose a life sentence with the possibility of parole for a murder conviction if the requirements for imposing an extended term of imprisonment under HRS § 706-661 (1976) and HRS § 706-662 (Supp. 1978) were satisfied. This argument is without merit.  HRS § 706-606(b) does not condition the imposition of a sentence of life imprisonment with the possibility of parole on the satisfaction of the extended term provisions, and Rapozo does not cite any case authority to support his contention.

9

adult defendant" or to twenty years of imprisonment. We disagree.

"The authority of a trial court to select and determine the severity of a penalty is normally undisturbed on review in the absence of an apparent abuse of discretion or unless applicable statutory or constitutional commands have not been observed." Barnett v. State, 91 Hawaiʻi 20, 26, 979 P.2d 1046, 1052 (1999) (internal quotation marks and citation omitted). "A sentencing judge generally has broad discretion in imposing a sentence. The applicable standard of review for sentencing or resentencing matters is whether the court committed plain and manifest abuse of discretion in its decision." State v. Solomon, 107 Hawaiʻi 117, 126, 111 P.3d 12, 21 (2005) (block quote format, brackets, and citations omitted).

At the time relevant to this case, HRS § 706-667 (1976) gave a sentencing judge the discretion to impose a special term of imprisonment on a "young adult defendant," which was defined as a person convicted of a crime who was sixteen years old or older but less than twenty-two years old at the time of sentencing. HRS § 706-667 (1).[6/] HRS § 706-667 provided in relevant part:

> (3) Special term. A young adult defendant convicted of a felony may, in lieu of any other sentence of imprisonment authorized by this chapter, be sentenced to a special indeterminate term of imprisonment if the court is of the opinion that such special term is adequate for his correction and rehabilitation and will not jeopardize the protection of the public. When ordering a special indeterminate term of imprisonment, the court shall impose the maximum length of imprisonment which shall be four years, regardless of the degree of the felony involved. The minimum length of imprisonment shall be set by the Hawaii paroling authority in accordance with section 706-669.

Thus, HRS § 706-667 authorized a special four-year term of imprisonment for a young adult defendant. As noted, under HRS § 706-606(b), the Circuit Court could impose a sentence of life

---

[6/] The parties apparently assume that because Rapozo was eligible for sentencing as a young adult defendant when he was originally sentenced, he could be sentenced as a young adult defendant when he was resentenced. In light of our disposition of this case, we need not decide this issue.

imprisonment with the possibility of parole, or twenty years of imprisonment, for a defendant convicted of murder.

Based on our review of the record, we conclude that the Circuit Court did not abuse its discretion in resentencing Rapozo to life imprisonment with the possibility of parole. The Circuit Court gave both parties ample time and opportunity to present evidence and arguments to support their sentencing recommendations. The Circuit Court's ruling made clear that it had carefully considered the evidence and arguments presented by both sides. The Circuit Court explained on the record why it decided to impose a sentence of life imprisonment with the possibility of parole instead of a four-year special term under the Young Adult Defendant statute or a twenty-year term under HRS § 706-606(b). The Circuit Court cited Rapozo's prior criminal record, including his convictions for "Assault, Robbery and Felon in Possession of Firearms, and the fact that he was on probation at the time this murder was committed[.]" It also cited the nature of Rapozo's murder offense, the impact that it had on the victim's family, and the need to protect the public. Under this record, Rapozo has failed to show that the Circuit Court abused its broad discretion in selecting and determining the appropriate penalty to impose on Rapozo for his murder conviction.

CONCLUSION

We affirm the Circuit Court's Judgment.

DATED: Honolulu, Hawai'i, July 30, 2015.

On the briefs:

Jon N. Ikenaga
Deputy Public Defender
for Defendant-Appellant

Donn Fudo
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Craig H. Nakamura
Chief Judge

Daniel R. Foley
Associate Judge

Associate Judge

11